UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANDRES RODRIGUEZ,

    Plaintiff,

v.                                                                                    Case No. 3:16cv253-LC-HTC

UNKNOWN DOCTORS UNDER
CONTRACT WITH FLORIDA
DEPT. OF CORRECTIONS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This case is before the Court on Centurion of Florida, LLC's ("Centurion") Motion to Dismiss Amended Complaint. ECF Doc. 41. Plaintiff did not respond in opposition. The motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Considering Centurion's motion to dismiss and the relevant law, the undersigned recommends that the motion be GRANTED and this case DISMISSED due to Plaintiff's failure to exhaust his administrative remedies.

I.    Background

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Apalachee Correctional Institution ("ACI"). Briefly stated, Plaintiff alleges his Eighth Amendment rights were violated because he received

inadequate medical treatment while in FDOC custody. ECF Doc. 19. As relief, he seeks compensatory and punitive damages. *Id.* at 10.

II. Discussion

Centurion argues Plaintiff failed to exhaust his administrative remedies before filing this action on May 31, 2016.[1] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See Booth*, 532 U.S. at 741 n.6. Moreover, the PLRA requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). A court must

---

[1] Centurion's motion to dismiss also argues: (1) Plaintiff fails to state a claim on which may be granted; and (2) the case should be dismissed under 42 U.S.C. § 1997e(e) because Plaintiff fails to allege he suffered any physical injuries as a result of Centurion's actions or omissions. ECF Doc. 41 at 8-13. Because the undersigned recommends that this case be dismissed based on Plaintiff's failure to properly exhaust the administrative remedy process, the remaining arguments raised in Centurion's motion will not be addressed.

Case No. 3:16cv253-LC-HTC

dismiss an action if satisfied the inmate failed to properly exhaust his available administrative remedies before filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

The grievance procedures promulgated by the FDOC generally require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010). For complaints regarding medical treatment, an inmate may bypass the informal grievance step. *See* Fla. Admin. Code r. 33-103.005(1).

The defense of failure to exhaust should be treated as a matter in abatement. *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quoting *Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner*, 541 F.3d at 1082. "First, the court looks to the

Case No. 3:16cv253-LC-HTC

factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing *Bryant*, 530 F.3d at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

Although Plaintiff states in his amended complaint that he "grieved these issues to the Warden of ACI, as well as, to the Secretary of the Florida Department of Corrections; to no avail," (ECF Doc. 19 at 8), Centurion submitted as an exhibit to its motion "copies of the grievances submitted by the Plaintiff for the times material to the Amended Complaint" (ECF Doc. 41 at 7). A review of the submitted grievances shows Plaintiff did not file a formal grievance at the institutional level to

the Warden or Assistant Warden or an appeal to the Secretary of the FDOC.[2]  ECF Doc. 41-1 at 1-5.

Plaintiff has not challenged Centurion's argument regarding exhaustion.  On March 21, 2019—several days after Centurion filed its motion to dismiss—the Court entered an order giving Plaintiff fourteen (14) days to file a response to the motion (ECF Doc. 42), but Plaintiff failed to do so.  After reviewing Centurion's motion, and in light of Plaintiff's status as a *pro se* litigant and the fact he executed his amended complaint under penalty of perjury, the undersigned entered a second order on July 18, 2019, directing Plaintiff to show cause within fourteen (14) days why this action should not be recommended for dismissal due to his failure to exhaust his administrative remedies.  ECF Doc. 43.  The July 18 Order expressly warned Plaintiff that his failure to comply with the order would result in a recommendation of dismissal for failure to exhaust his administrative remedies or failure to prosecute this action.  *Id.* at 3.  Despite this warning, Plaintiff has not responded.[3]

---

[2] The exhibit includes: (1) sick-call requests submitted on April 12, 2015, October 7, 2015, and March 14, 2016; (2) an inmate request submitted on May 29, 2015; and (3) an informal grievance submitted on July 2, 2015.

[3] To the extent Plaintiff's amended complaint names other defendants besides Centurion, the claims against those unserved defendants would also be subject to dismissal because Plaintiff failed to exhaust his administrative remedies regarding his medical treatment before commencing this action.  *See Escobar v. Crosby*, 363 F. Supp. 2d 1361, 1366 (S.D. Fla. 2005) (noting dismissal of prisoner's claims against unserved defendants was appropriate based on both the prisoner's failure to effect timely service under Federal Rule of Civil Procedure 4(m) and his failure to exhaust administrative remedies).

Case No. 3:16cv253-LC-HTC

Accordingly, it is RECOMMENDED:

1. That Defendant Centurion of Florida, LLC's Motion to Dismiss (ECF Doc. 41) be GRANTED.

2. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to exhaust his administrative remedies and failure to prosecute this action.

At Pensacola, Florida, this 5th day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.